O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANDRE DWAYNE STALLWORTH, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SUPERIOR COURT OF LOS ) <br> ANGELES CO, ) <br> ) <br> Respondent. ) <br> ) | Case No. LA CV 16-0849 RGK (JCG) <br><br> **ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY** |

**I.**

**INTRODUCTION**

On February 8, 2016, petitioner Dandre Dwayne Stallworth ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). [Dkt. No. 1.] However, Petitioner has failed to exhaust his state court remedies. Accordingly, and for the reasons discussed below, the Court dismisses the Petition without prejudice. *See* 28 U.S.C. § 2254(b)(1)(A).

/ / /

/ / /

/ / /

1

## II

## **STATE COURT PROCEEDINGS**

By way of background, on February 24, 2014, a jury convicted Petitioner of robbery and carrying a loaded firearm in public, with an enhancement for personal firearm use. (Pet. at 2); *People v. Stallworth*, 2015 WL 3647447, at *1 (Cal. Ct. App., June 12, 2015). Petitioner appealed the conviction to the California Court of Appeal on two grounds: (1) the trial court inadequately investigated potential juror misconduct; and (2) the trial court incorrectly sentenced the public carrying conviction as a felony, rather than a misdemeanor. *Stallworth*, 2015 WL 3647447, at *1, *5. The Court of Appeal affirmed Petitioner's conviction, but remanded for resentencing. *Id.* On August 26, 2015, the California Supreme Court denied petition for review. *See* http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=0&doc_id=2114873&doc_no=S227900; *see also Porter v. Ollison*, 620 F.3d 952, 954-55 n.1 (9th Cir. 2010) (taking judicial notice of state court docket and filings).

## III.

## **DISCUSSION**

As a rule, a state prisoner must exhaust state court remedies before filing a federal habeas petition. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claims to the state courts "to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*) (internal quotation marks omitted). Specifically, "[a] state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court." *Royal v. Davey*, 2014 WL 3791164, at *2 (C.D. Cal. July 31, 2014). A claim is deemed to have been "fairly presented" when the petitioner has "described both the operative facts *and* the federal legal theory on which the claim is based." *Pourahmad v. Doyle*, 2010 WL 770039, at *1 (C.D. Cal. Feb. 20, 2010) (emphasis added).

Here, Petitioner states two claims for relief: (1) ineffective assistance of counsel; and (2) improper resentencing. (Pet. at 8-12.) However, Petitioner presented neither of these claims on direct appeal. (*See id.* at 3); *Stallworth*, 2015 WL 3647447, at *1, *5. Nor has Petitioner filed any state-court habeas petition regarding this conviction or sentence. (Pet. at 6.) Consequently, the Court finds that the Petition is completely unexhausted, and thus subject to dismissal without prejudice. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims . . . it may simply dismiss the habeas petition for failure to exhaust.").

Petitioner is advised that the Court's dismissal of his Petition is *without prejudice*. If Petitioner wishes to pursue federal habeas relief, he may file a new federal habeas petition *after* he has "fairly presented" his unexhausted claims in a state habeas petition to the California Supreme Court. *Pourahmad*, 2010 WL 770039, at *1.

Petitioner is further advised that there is a one-year statute of limitations on federal habeas claims by a petitioner in state custody, which ordinarily begins to run at the end of the period during which that petitioner may seek direct review. 28 U.S.C. § 2244(d)(1); *see also Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (for purposes of determining when judgment is final under § 2244(d)(1), period of direct review includes "the ninety-day period within which [the petitioner] could have filed a petition for a writ of certiorari from the United States Supreme Court"). The limitations period is tolled while a properly filed application for state post-conviction relief, or other collateral review (such as a state habeas petition), is pending. 28 U.S.C. § 2244(d). However, the limitations period is not tolled while a petition is pending in federal court. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## IV.

## **CERTIFICATE OF APPEALABILITY**

Additionally, for the reasons stated above, the Court finds that Petitioner has not shown that reasonable jurists would find it debatable whether this Court was correct in

3

its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court thus declines to issue a certificate of appealability.

## V.

## ORDER

For the foregoing reasons, **IT IS ORDERED THAT** the Petition be **SUMMARILY DISMISSED** for failure to exhaust, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED THAT** a Certificate of Appealability be **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: 2/16/16  _____

HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE